**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-20762-CR-MOORE/SIMONTON**

UNITED STATES OF AMERICA,

      **Plaintiff,**

**v.**

**JAY WALTER SALL,**

      **Defendant.**

                               /

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

      THIS CAUSE was referred to the undersigned Magistrate Judge by the Honorable K. Michael Moore, Chief United States District Judge, to conduct a proceeding for acceptance of a guilty plea by Defendant JAY WALTER SALL.   Based upon the change of plea hearing conducted on November 29, 2018, this Court makes the following findings, and recommends that the guilty plea be accepted, and that the Defendant be adjudicated guilty of the offense to which he has pled guilty.

      1.   On November 29, 2018, this Court convened a hearing to permit the Defendant to enter a change of plea in the aforementioned matter.   At the outset of the hearing, this Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case.   Further, this Court advised the Defendant that this Court was conducting the change of plea hearing pursuant to an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case.   This Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

      2.   This Court advised the Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request

that the change of plea hearing be conducted by a United States District Judge.   The

Defendant, the Defendant's attorney and the Assistant United States Attorney all

consented on the record to this Court conducting the change of plea hearing.

3.   This Court conducted a plea colloquy in accordance with the outline set forth in

the Bench Book for District Judges.

4.   There is a written plea agreement which has been entered into by the parties in

this case.   This Court reviewed that plea agreement on the record and the Defendant

acknowledged that he understood each term of the plea agreement and that he had signed

the plea agreement.   This Court also made certain that the Defendant was aware of the

mandatory minimum and maximum sentence which could be imposed in this case

pursuant to that plea agreement and the applicable statutes, including forfeiture and

restitution. This Court also made certain that the Defendant understood the appeal waiver

contained in the plea agreement.

5.   The Defendant pled guilty to Count Two of the Superseding Indictment, which

charges him with attempting to coerce and entice a minor to engage in sexual activity, in

violation of 18 U.S.C. § 2422(b). The Government has agreed to dismiss the remaining

count of the Superseding Indictment against this Defendant after sentencing.

6.   To set forth the factual basis for the entry of the plea, the Defendant and the

Government submitted a written Factual Proffer.   The Government orally summarized the

written factual proffer in Court.   The Factual Proffer established all of the essential

elements of the crime to which the Defendant is pleading guilty.   The Defendant

acknowledged that the statement of facts at the hearing was accurate, and that he had

signed and agreed with the written factual proffer.   The Court advised the Defendant that,

as to Count Two of the Indictment, described above, there is a statutory mandatory

minimum sentence of ten years and a maximum potential sentence of life imprisonment,

2

followed by a mandatory minimum term of supervised release of five years and up to lifetime supervision, mandatory federal and state sex offender registration requirements, a fine of up to $250,000.00, forfeiture, restitution, and a mandatory special assessment of $100.00 plus an additional $5,000.00 unless the defendant is found to be indigent.   The Defendant acknowledged that he understood the mandatory minimum and possible maximum penalties that could be imposed in his case.

7.   Based upon all of the foregoing and the plea colloquy conducted by this Court, the undersigned finds that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.   In addition, the undersigned specifically finds that the Defendant's waiver of his right to appeal his sentence in this case is knowing and voluntary. Therefore, this Court recommends that the Defendant be found to have freely and voluntarily entered his guilty plea to Count Two of the Superseding Indictment filed in this case, as more particularly described herein, and that the Defendant be adjudicated guilty of that offense.

8.   A pre-sentence investigation report is being prepared for the District Court by the United States Probation Office.   The sentencing date is January 30, 2019, at 2:00 p.m. in Miami, Florida.   The Defendant remains on bond pending sentencing.

Therefore, it is hereby

RECOMMENDED that Defendant JAY WALTER SALL'S plea of guilty be accepted, that the Defendant be adjudicated guilty of the offense to which he has entered his plea of guilty and that a sentencing hearing be conducted for final disposition of this matter.

The parties will have fourteen calendar days from the date of service of this Order within which to file written objections, if any, for consideration by the United States

3

District Judge to whom this case is assigned.   Any request for an extension of this deadline must be made within seven calendar days from the date of this Report and Recommendation.   Pursuant to Fed. R. Crim. P. 59(b), Eleventh Circuit Rule 3-1, and accompanying Internal Operating Procedure 3, the parties are hereby notified that failure to object in accordance with 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.   *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Miami, Florida, on November 30, 2018.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**Hon. K. Michael Moore, Chief U.S. District Judge**
**All Counsel of Record**
**U. S. Probation Office**
**U. S. Marshal**